FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2015 MAY 28  P 1: 17

Alexandria Division

CL____ ____ ____ ____
AL____, ____

Anthony J. Alfieri-Crispin            )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    Civil Action No. ___1:15CV608-AJT/MSN___
                                      )
Li Ting                               )
                                      )
        Defendant                     )

In Re:   x3.com

## Verified Complaint

Comes Now Plaintiff Anthony J Alfieri-Crispin, by and through his counsel, and files this complaint against Li Ting.

### I.   Nature of the Suit

1.      This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2.      The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant, Li Ting who gained unauthorized access to the Plaintiff's account at his registrar, DreamHost on a protected computer, transferred control of Defendant domain names from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control his domain name causing irreparable injury to the Plaintiff

## II. The Parties

3.      Plaintiff, Anthony J. Alfieri-Crispin (hereinafter "Plaintiff") is an individual with his

principal place of business at 1200 Boylston Ave, Apt 900, Seattle Washington 98101-2817.

4.      Upon information and belief Li Ting (hereinafter "Defendant") is a resident of China, as

set forth on the WHOIS registry and purportedly resides at Zhonggouhenanzhengzhoushi Street

in Zhengzhoushi, Henan, China, 450000[1]  with an email address of christina132@outlook.com

and a telephone number of +86.15639759708.    A copy of the current WhoIs domain registration

record is attached as Exhibit A.

5.      The subject Domain Name, the res of this *in rem* action is: <x3.com>, which is a .COM

domain (the "Domain Name") for which the registry is Verisign, Inc., 21355 Ridgetop, Circle -

Lakeside III, Dulles, Virginia 20166 which is located in this judicial district.

6.      Defendant Li Ting gained unauthorized access to the Plaintiff's domain management

account and transferred control of the Defendant Domain away from the Plaintiff.

7.      Upon information and belief eName Technology Co., Ltd. is the name of the domain

name registrar to which Li Ting transferred the Defendant Domain name without authorization

and is the current registrar for the Defendant Domain name.

### III. Jurisdiction and Venue over the Subject Matter of this Action

8.      This action arises out of Li Ting's violation of the Anticybersquating Consumer

Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

9.      This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§

1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Name pursuant to15

---

[1]  The Plaintiff believes this address is not a legitimate address as it appears to be simply the City and State conflated
together and a google search locates no such street name

U.S.C. § 1125(d)(2)(A), insofar as the registry for the domain .com names, Verisign, Inc., is located within this judicial district.

10.     Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry Verisign, Inc. has its principal places of business in this judicial district.    Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subjects of the action resides in this district.

11.     Defendant Li Ting directed the acts complained of towards the district and utilized instrumentalities in the district in that Li Ting gained unauthorized access to the Plaintiff's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. in the district for the Defendant Domain name to be altered so as to transfer control of the Defendant Doman name away from the Plaintiff.

12.     The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

<u>IV. Notice</u>

13.     Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief is being sent to the Defendant at the postal and email address to which there has previously been a response as well as the current WHOIS address on the Domain Name in Zhengzhoushi, Henan, China, with an email address of <u>christina132@outlook.com</u> and a telephone number of +86.15639759708.

14.     Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. §1125(d2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this

action as the court may direct after filing of this Complaint. A request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

15.     The Plaintiff's claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

16.     Joinder of the Defendant domain name is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common to all claims and Defendants.

V. Factual Background

17.     Plaintiff, purchased <x3.com> on May 31, 1995 and has owned the Domain Name since his initial registration of the Domain Name.    (A copy of the WhoIs/WhowWas records demonstrating Plaintiff's ownership of the Domain Name is attached hereto as Exhibit B).

18.     Plaintiff is in the business of domain monetization, and, as such, purchases domain names for the purpose of turning internet traffic into monetary gain through the use of click through traffic, creation of business ventures, and domain name sales. The Plaintiff has used the Domain Name in commerce for over Twenty (20) years and has common law rights in the subject mark, X3.com.    Plaintiff has used the Domain Name as his primary email address and method of communications with clients, friends and family.

19.     The subject Domain Name is extremely valuable and its loss has deprived the Plaintiff of the income regularly generated by the domain names. The subject Domain Name is worth somewhere between $250,000 on the low end to more than $1,000,000.

20.     The Plaintiff maintains a domain name management account with Dream Host for control and management of its domain names.

21.     The domain name management account with Dream Host is maintained on a protected computer and access to the account should be restricted to only that person with the Plaintiff's username and password.

22.     On or about April 5, 2015 the Defendant gained unauthorized access to the Plaintiff's domain name management account and altered the domain name registration record for the subject domain.

23.     Defendant has taken control of the Domain Name with the intent to redirect the income produced by the subject Domain Name to himself and to resell the Domain Name for a significant sum on the market or to an end user company that would likely pay a high six figure or low seven figure sum.

24.     The Defendant's registration and use of the subject Domain Name is without the Plaintiff's authorization.

25.     The Defendant has no intellectual property rights in the subject domain.

26.     The Defendant provided misleading or incomplete contact information in the domain name registration when changing the registration for the Defendant Domain Name.

27.     The Defendant's actions are in violation of these aforementioned rights of Plaintiff.

28.     The WHOIS records for the Domain Name shows that Plaintiff was the owner of the Domain Names prior to its theft and that ownership was renewed through January 23 2016. (See a true and correct copy of the records attached herein as Exhibit B.);

29.    Prior to the theft of the Domain Name, Plaintiff hosted his property at DreamHost.

30.    Upon information and belief, the theft of the password to Plaintiff's DreamHost account occurred sometime on or before April 5, 2015.

31.    While Plaintiff was sleeping, on April 5, 2015 at 23:40:25 -0700 (PDT), Plaintiff received an email from DreamHost stating that the whois information for x3.com was changed.

32.    Plaintiff received a second email on April 6, 2015 at 00:18:23 -0700 (PDT), stating he had four (4) days to stop a pending domain transfer that he did not authorize (the "Alert Emails").

33.    Plaintiff saw the Alert Emails around April 6, 2015at 0400, and logged into his account on dreamhost.com, accessed the domain registration page, and the Domain Name was no long listed in Plaintiff's account.

34.    Plaintiff immediately opened a ticket and advised his existing registrar, DreamHost that the Domain Name had been stolen;

35.    On April 06, 2015 at 16:30:50 -0700 (PDT) DreamHost informed Plaintiff that the domain x3.com was successfully transferred away to eName.com today at 12:23AM Pacific Time.

36.    On or about April 6, 2015, a fraudulent Form of Authorization (FOA) was submitted.

37.    Upon information and belief Defendant initiated the fraudulent email request for transfer of the Domain Names and completed the transfer of the Domain Names on or around April 5, 2015.

38.    DreamHost's oldest panel logs, which date back to 2012, show only IPs from the United States logging into the account from the origin of the logs (2012) until the first date of account

6

intrusion: 2015-04-05.   The logs show there is a single consistent IP address (24.17.241.80

Plaintiff's IP) logging into the DreamHost panel from August 2014 through April 5 2015. (A

copy of the DreamHost Panel Logs is attached as Exhibit C).

39.      After April 5, 2015 the log record shows login from five (5) non-US countries

(Netherlands, Romania, France, Ukraine, and Sweden) within the span of two days.   Id.

40.      On April 7, 2015, the logs show that Plaintiff regained access to his account via the same

IP address that was originally administering the DreamHost account between August 2014 until

the attack.   Id.

41.      Further differentiating the foreign intruder's IP address from the Plaintiff's consistent US

IP address are the Raw Logs that show the User Agent string for 24.17.241.80 to indicate Safari

on Mac OSX 10.10.3m while all of the intruder IPs indicate Firefox, Chrome, or Safari, but all

on Windows NT 6.1.   (Compare Legitimate User Agent: "Mozilla/5.0 (Macintosh; Intel Mac

OS X 10_10_3) AppleWebKit/600.5.17 (KHTML, like Gecko) Version/8.0.5 Safari/600.5.17"

with Intruder User Agents: "Mozilla/5.0 (Windows NT 6.1; rv:31.0) Gecko/20100101

Firefox/31.0" "Mozilla/5.0 (Windows NT 6.1) AppleWebKit/537.36 (KHTML, like Gecko)

Chrome/39.0.2171.95 Safari/."   Id.)

42.      Upon information and belief, after the theft, the Defendant has offered the subject

Domain Name for sale on eName's sales platform and Chinese brokers were listing the Domain

Name for sale to the domain market.

43.      On or around April 17, 2015, Plaintiff, through DreamHost submitted an emergent

request to the Transfer Emergency Action Contact (TEAC) to obtain a return of the stolen

Domain Name from the gaining registrar, eName.

7

44.     On or about April 24, 2015 Plaintiff's undersigned legal counsel conferred with eName and was able to have the gaining registrar place a lock on the Domain Name to protect it from further loss or transfer pending resolution of this claim.

45.     Once the Domain Names were transferred to eName.com, Defendant changed the WhoIs information to reflect an unlisted address in Zhengzhoushi, Henan, China, with an email address of christina132@outlook.com and a telephone number of +86.15639759708.

46.     Plaintiff retained the undersigned Counsel to assist in securing a return of his valuable property and Counsel immediately began to prepare the resulting Complaint and motion for a Preliminary Injunction and obtaining all necessary facts.

### VI. Causes of Action

Count I
Claim for Declaratory Judgment

47.     Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff had a contract with DreamHost since October 10, 2016 and has maintained uninterrupted control over the Domain Name.

48.     Defendant's actions have taken control of the subject domains from Plaintiff without authorization or permission.

49.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

8

Count II
Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

50.     Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has

owned the Domain Name for Twenty (20) years and has used it to promote his businesses, to

generate income and for email communication and has common law rights in the marks.

51.     The Defendants actions constitute registration, trafficking, or use of a domain name that

is identical to the Plaintiff's trademark with bad faith intent to profit therefrom.

52.     Plaintiff, because of the Defendant's actions, is being prevented from using and exercising

control over the subject Domain Name.

53.     Plaintiff is being harmed through the loss of prospective traffic to his business, loss of

income and loss of business and personal emails resulting in loss of prospective business

opportunities unless enjoined.

54.     Plaintiff's other businesses and finances have been put at risk because all other login

information is tied to the Plaintiff's email address at x3.com.

55.     The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a

person subject to this Court's jurisdiction who would have been a defendant in a civil action

pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

56.     The above described conduct of the Defendant registrant of the domain name constitute

unlawful cybersquatting in violation of the Anticybersquating Consumer Protection Act, 15 U.S.

C. § 1125(d)(1).

57.     The above described conduct by the Defendant has caused, and is causing, great and

irreparable harm to the Plaintiff and the public.    Unless permanently enjoined by this Court, said

9

irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(i), the Plaintiff is entitled to an order transferring the Defendant domain name registration to the Plaintiff.

Count III
Tortuous Interference with Contractual Relationship

58.     Plaintiff repeats and realleges the previous paragraphs as if set forth in full.   Plaintiff properly entered into a contract with DreamHost, the registrar for the Domain Name before the Domain Name was stolen.

59.     Defendant has unlawfully taken control of the subject Domain Name, interfering with Plaintiff's lawful contract rights to the Domain Name.

60.     As a result of Defendant's acts Plaintiff has been damaged and will continue to be damaged.   Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contract.

Count IV
Conversion

61.     Plaintiff repeats and realleges the previous paragraphs as if set forth in full.   Plaintiff has property rights in the subject Domain Name.

62.     The Defendant has taken control of the subject Domain Name and is wrongfully exercising control and authority over the subject Domain Name.

63.     The control and authority exercised by the Defendant deprives Plaintiff of control and the income and business generated from the Domain Names.

64.     The Defendant is wrongfully exerting dominion over Plaintiff's property in denial of his rights.

Count V
Violation of the Computer Fraud and Abuse Act

65.    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

66.    The Defendant knowingly and intentionally accessed the Plaintiff's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C).

67.    The Defendant knowingly, and with intent to defraud, accessed the Plaintiff's domain name management account on a protected computer without authorization and obtained information from that computer which the Defendant used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

68.    The Defendant intentionally accessed the Plaintiff's domain name management account on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

69.    The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

70.    As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I.      That judgment be entered in favor of the Plaintiff on its claims for violation of the Anticybersquating Consumer Protection Act; and

II.     That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

III.    Enter an order declaring that Anthony J. Alfieri-Crispin is the only entity with any rights to the contract controlling the subject Domain Name, X3.com; and

IV.     Enter an order declaring that the Defendant does not have any rights to the subject Domain Name; and

V.      Enter an order directing that the domain name <X3.com>   be promptly transferred to Plaintiff; and

VI.     Enter an Order directing Verisign to promptly return control of the Domain Name to Anthony J. Alfieri-Crispin and at the Dream Host registrar; and

VII.    Award the Plaintiff his fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII.   That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

## **VERIFICATION**

I, Anthony J. Alfieri-Crispin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the original owner X3.com and the facts contained in the foregoing verified complaint are true and correct.

Anthony J. Alfieri-Crispin

Dated:  May 18, 2015

Dated: May 28, 2015

Respectfully Submitted,

Anthony J. Alfieri-Crispin
By Counsel

Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
1425 K Street NW, Suite 350
Washington, D.C. 20005
(202) 625-7000, Fax: 202-625-70001
Stevan@aplegal.com

Jason Schaeffer, Esq.
ESQwire.com, P.C.
1908 Route 70 East
Cherry Hill, NJ 08003
856-874-9651/ Fax: 856-874-9182
jason@ESQwire.com

Counsel to Anthony J. Alfieri-Crispin