IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division.

| | |
|---|---|
| Anthony J. Alfieri-Crispin ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15cv608-AJT/MSN |
| ) | |
| Li Ting ) | |
| ) | |
| Defendant ) | |

In Re:  x3.com

Memorandum of Law in Support of
Plaintiff's Motion to Entry of Default Judgment

I. Introduction

The Plaintiff, Anthony J. Alfieri-Crispin (hereinafter "Alfieri-Crispin"), by counsel, hereby moves this Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and under the Anti-Cybersquating Consumer Protection Act, 15 U.S.C. § 1125 (the "ACPA") for default judgment transferring control of the subject domain name to the Plaintiff.

The Defendant Li Ting took control of the subject domain names without authorization of the Plaintiff, who previously had control of the subject domain name.  Notice of this matter was attempted to the Defendant by mail at Zhonggouhenanzhengzhoushi Street in Zhengzhoushi, Henan, China, 450000July 20, 2015[1], and by email at christina132@outlook.com. the only means of communicating with the Defendant.

---

[1] The letter sent to this address was returned as undeliverable.

Emails to the above email address have not been responded to and no responsive pleadings have been filed. Notice to the subject domain name was accomplished by publication on June 24, 2015 and proof of publication has been filed in this Court as document 15, filed July 9, 2015.

By its default, which has been noted on the docket in this action, the subject domain name has conceded the truth of the allegations in the complaint filed in this matter. The Plaintiff is, therefore, entitled to an order transferring the subject domain name to him and for the other relief sought in the Complaint.

II. Statement of Facts

The Plaintiff obtained the subject domain name on May 31, 1995 and has owned the name since that time. Complaint ¶ 17. Control of the subject domain name was taken by the Defendant Li Ting effectively re-titling the subject domain as if owned by Defendant Ting. Complaint ¶ 22, 23. The Defendant obtained control of the subject domain name by gaining unauthorized access to a secure computer. Complaint ¶ 21, 22.

The Plaintiff owns the subject domain name and has, since acquisition, used it in his business of domain monetization as well as his primary email address and method of communication if clients, friends and family. Complaint ¶ 18. The Defendant, took control of the domain names and redirected the Plaintiff's customers. Complaint ¶ 23. The Defendant, took control of the domain names and redirected the income produced from the domains to himself. Id.

III. Argument and Authority

No responsive pleadings have been filed in this matter making default judgment appropriate. Rule 55(b)(2), Federal Rules of Civil Procedure. The allegations of the Complaint are, therefore, taken as true. The Complaint alleges facts to establish the necessary elements of a claim under 15 U.S.C. § 1125(d).

The Court will note that, pursuant to the remedies available for an *in rem* action brought pursuant to the ACPA, no damages are sought. The Plaintiff, upon receipt of judgment in this matter, requests that the remaining claims be dismissed, without prejudice. The request for default judgment seeks only an order transferring the subject domain to the Plaintiff.

This court has *in rem* jurisdiction over the subject domain name pursuant to 15 U.S.C. § 1125(d) as the registry for <.com> domain names, Verisign, Inc., is located within this judicial district. The Defendant was served by publication as ordered by this Court on June 19, 2015 as authorized by 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) which is proper service in this matter.

A. Bad Faith Intent to Profit from A Mark

15 U.S.C. § 1125(d)(1)(A)(i) requires the Plaintiff to allege bad faith intent to profit from the mark. Sub-sections (B)(i)(III) - (IX) set out factors to be considered by the court to include, but not be limited to, any prior use for bona fide offerings of goods and services, the person's intent to divert customers from the mark owner's online location for commercial or other gain, and the provision of material and misleading false registration contact information.

The Plaintiff alleges that he registered the subject domain name on May 31, 1995 and has used it since that time in his business. Complaint ¶ 17. The Plaintiff alleges that has used the domain in his domain monetization business as well as his primary means of contacting clients, friends and family. Complaint ¶ 18.

The Plaintiff alleges that the Defendant took control of the subject domain to redirect income produced by the subject domain, and to resell the subject domain. Complaint ¶ 23. The Defendant's actions in taking control of the Plaintiff's domain name has deprived him of the income generated as well as interfering with his ability to communicate with customers, potential customers and friends and family. This satisfies the requirements of 15 U.S.C. § 1125(d)(1)(A)(i).

    B.    <u>Registers, Traffics in Or Uses Violative Domain Name</u>

15 U.S.C. § 1125(d)(1)(A)(ii)(III) requires the Plaintiff to allege that the Defendant registered or used a domain name that is a mark in which the Plaintiff has common law rights.

The Plaintiff alleges in paragraphs 18, and 19 that he has used the subject domain name since registration in his businesses and has common law rights in the marks. This satisfies the requirements of 15 U.S.C. § 1125(d)(1)(A)(ii)(III).

Wherefore, as requested in the motion filed in this matter, it is respectfully requested that this Court enter default judgment in this matter.

Date:

                                                                               Respectfully Submitted,
Anthony Alfieri-Crispin
by counsel

/s
_____

Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050
fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman
admitted *pro hac vice*
1425 K Street NW, Suite 350
Washington, DC 20005
202-625-7000

and

Jason Schaeffer, Esq.
ESQwire.com, P.C.
1908 Route 70 East
Cherry Hill, NJ 08003
856-874-9651/ Fax: 856-874-9182
jason@ESQwire.com

Counsel to the Plaintiff